UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATRINA C. WESLEY,

        Plaintiff,

  v.                                                Case No. 17-cv-1771-pp

WHITE LODGING,
TIM GRIFFIN, and
JOHN DOES, as affiliates, subsidiaries,
employees, officers, directors, shareholders,
attorneys, agents, representative successors,
employer,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

On December 21, 2017, the plaintiff, who is proceeding without a lawyer, filed a complaint against her employer. Dkt. No. 1. She also filed a petition and affidavit to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's petition to proceed without prepaying the filing fee, but will dismiss the case without prejudice because the plaintiff has not stated a claim that can proceed in federal court.

**I.    Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 1).**

The court may allow someone to proceed without prepaying the filing fees if she meets two conditions: (1) she must show that she is unable to pay the filing fee; and (2) the court must find that the case is not frivolous or malicious,

1

does not fail to state a claim on which a federal court can grant relief, and does not seek monetary relief against a defendant who is immune from that relief. 28 U.S.C. §§1915(a) and (e)(2).

A.  Plaintiff's Ability to Pay the Filing Fee

Under 28 U.S.C. §1915(a), the court may allow a plaintiff without paying the filing fee if it finds that the plaintiff cannot pay those fees. The plaintiff's fee waiver request states that she is unemployed, single, and is not responsible for any dependents. Dkt. No. 2 at 2. She reports that she has no monthly income, but that her rent is $600 per month and that she has household expenses totaling $360 per month. Dkt. No. 2 at 2. She says that she spends $80 a month in transportation, for total monthly expenses of $1,040. Id. She reports no other assets. The court finds that, based on these representations, the plaintiff does not have the money to pay the filing fee.

B.  Screening

1.  *Legal Standard*

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual

2

contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

At the screening state, the court must accept the plaintiff's allegations as true, and may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Given that federal courts are courts of limited jurisdiction, however, they can decide only cases where a plaintiff presents facts showing a violation of federal law or the federal constitution or where a plaintiff sues a citizen of a different state for an amount that exceeds $75,000. 28 U.S.C. §§1331, 1332. If a plaintiff's case does not involve one of those sorts of claims, a federal court does not have jurisdiction to decide it.

    2.  *Facts Alleged in the Plaintiff's Complaint*

This is not the plaintiff's first federal court case. She has been filing cases in the Eastern District of Wisconsin since October of 2003—almost fifteen years. See Wesley v. Heinen, *et al.*, Case No. 2003-cv-1033-aeg; Wesley v. State of Wis., Case No. 2003-cv-1480-aeg; Wesley v. Frish, 2004-cv-304-aeg; Wesley v. Kolsharbar, 2004-cv-824-la; Wesley v. Jones, 2004-cv-1243-pjg; Wesley v. Jones, *et al.*, 2005-cv-595-cnc; Wesley v. Preservation Mgmt., Inc., *et al.*, 2005-cv-1162-aeg; Wesley v. New Waico Apartments, 2008-cv-214-cnc; Wesley v. George, *et al.*, 2009-cv-1063-cnc; Wesley v. Mason, 2016-cv-1152-dej; Wesley v. Oakbrook Corp., *et al.*, 2018-cv-914-pp (pending). Few, if any, of the judges who have considered her cases have found them to have merit, or to belong in federal court.

In this case, the plaintiff says that she is suing the defendants "[f]or failing to adhere to a binding contract[.]" Dkt. No. 1 at 2. She alleges that "[the]" employer issued her an IRS 1099 form on November 22, 2017, stating that ten business days after the form was signed (she doesn't say by whom; the court

4

assumes she was the one who was to sign it), "a settlement payment would be made." Id. The complaint asserts that the "form" was "signed and returned 11-21-17," and concludes that she should have received the payment on December 6, 2017. Id. She alleges that she had not received a settlement check as of December 21, 2017. Id. Under the "Relief Wanted" section of the complaint, the plaintiff says, "I am now asking double the amount that was promised in settlement which is 12,000." Id. at 4.

The plaintiff attached to the complaint an IRS Form W-9 "Request for Taxpayer Identification Number and Certification." Dkt. No. 1-1 at 1. This document bears the plaintiff's signature, and the date November 21, 2017. Id. (The purpose of this form is for the taxpayer to verify his or her Social Security or taxpayer identification number.) She also attaches a letter dated November 28, 2017 from Tim Griffin, corporate associate relations manager at White Lodging, to the plaintiff, asking her to sign and return the enclosed release, waiver and settlement agreement; the letter says once the plaintiff returns the signed and executed documents, a settlement check of $6,000 and a "neutral letter of reference" will be sent to the plaintiff's post office box. Id. at 2. Finally, the plaintiff attached a copy of the release/waiver agreement signed by Timothy Griffin, despite the fact that the agreement contains a confidentiality provision. Id. at 3-9.

   3. *Analysis*

The plaintiff has not alleged a claim for which a federal court can grant relief.

The plaintiff alleges that the defendants breached an agreement to send her $6,000 in exchange for her signing and returning a "1099" form. She says that she signed and returned the form on November 21, 2017, but that she did not receive a check in ten days, as promised.

First, the plaintiff has alleged one claim—breach of contract. A private party suing another private party for breach of contract is a state-law claim, not a federal-law claim. The only way that a plaintiff can bring a breach-of-contract claim in *federal* court is if the defendant is a citizen of another state, and the plaintiff is suing for more than $75,000. 28 U.S.C. §1332. The complaint alleges that defendant White Lodging has an address in Merrillville, Indiana, and the plaintiff provides her address as a post office box in Milwaukee, Wisconsin. Dkt. No. 1 at 2, 5. She does not say, however, where Tim Griffin lives, or where any of the multitude of other unnamed defendants—"affiliates, subsidiaries, employees, officers, directors, shareholders, attorneys, agents, representative, successors, employer"—live. So the court cannot tell if there is complete diversity jurisdiction. She seeks only $12,000 in damages; the jurisdictional threshold for a "diversity" claim under 28 U.S.C. §1332 is $75,000—*six times* the amount the plaintiff alleges.

The plaintiff knows about the requirements for federal court jurisdiction. As Judge Clevert observed in one of her previous cases,

> Wesley is a serial filer of pro se complaints in this court, and she has been warned repeatedly by judges of this district that her claims have no business in federal court. *See Wesley v. Frish*, 04-C-304 (E.D. Wis. Apr. 12, 2004); *Wesley v. Jones*, No. 04-C-1243 (E.D. Wis. Jan. 6, 2005); *Wesley v. Jones et. al.*, No. 05-C-595

6

(E.D. Wis. July 18, 2005); *Wesley v. Wisconsin*, No. 03-C-1480 (E.D. Wis. Apr. 12, 2004); *Wesley v. Preservation Mgmt. Inc., et al.*, Case No. 05-CV-1162 (E.D. Wis. Feb. 2. 2006); *Wesley v. New Waico Apartments et al.*, 08-CV-214 (E.D. Wis. Mar. 17, 2008). For instance, in Case No. 04-C-1243, Judge Thomas J. Curran explained in detail the limited jurisdiction of federal courts and Wesley's duty to establish jurisdiction. Further, in Case No. 05-CV-1162, Judge Rudolph Randa repeated Judge Curran's explanation, noting that "Wesley has been informed numerous times that she cannot obtain the relief she seeks in federal court. Apparently, the prior admonitions have fallen on deaf ears."

<u>Wesley v. George</u> *et al.*, Case No. 09-C-1063, Dkt. No. 4 (E.D. Wis. Nov. 30, 2009).

Even if the plaintiff had alleged all the requirements for this court to hear her case in diversity, the facts she alleges do not demonstrate a breach of contract. The letter from Timothy Griffin did not ask her to sign a Form 1099. It did not ask her to sign a Form W-9 (although the plaintiff attached a Form W-9, allegedly signed November 21, 2017, to the complaint). The letter asked the plaintiff to sign and return the release, waiver and settlement agreement. The copy of the agreement that the plaintiff attached to her complaint is signed only by Timothy Griffin on behalf of White Lodging; it does not bear the plaintiff's signature, or a date. The plaintiff has not demonstrated that she signed and returned the release, waiver and settlement agreement.

The court advises the plaintiff—as have other judges on this court—that she should not file frivolous claims in federal court. At some point, the court has the authority to bar the plaintiff from filing in federal court, and to instruct the clerk's office not to act on her filings. If the plaintiff continues to file frivolous complaints, she will reach that point.

7

## II. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2. The court **DISMISSES** this case for failure to state a claim.

Dated in Milwaukee, Wisconsin this 30th day of July, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**