UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATRINA WESLEY,

        Plaintiff,

v.                                         Case No. 17-cv-1771-pp

WHITE LODGING, *et al.*,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION (DKT. NO. 6)**

On July 30, 2018, the court issued an order dismissing the plaintiff's case. Dkt. No. 4. The court first explained that the plaintiff had filed a breach of contract claim; the only way this federal court could decide that claim was if there was complete diversity jurisdiction, and the plaintiff did not allege complete diversity. Id. at 6-7. The court also explained that even if the plaintiff had alleged complete diversity, she had not stated sufficient facts to support a breach of contract claim. Id. at 7. The court advised the plaintiff—as other judges on this court have done—that she should not file frivolous claims in federal court. Id.

On August 24, 2018, the court received a motion for reconsideration from the plaintiff. Dkt. No. 6. The motion does not refer to any statutes or cases or rules. It contains one paragraph, which states:

> This is to notify Judge Pepper that I have indeed prove my claim and
> I provided a contacted that states in the contract that if the monies

> weren't paid in a timely matter the end result. It seems to me that the contact was not read by Judge Pepper and that due to the lengthy time it took Judge Pepper the statute of limitations ran out, so I am asking once again that the case be looked into properly or this will go to a higher court and a complaint will be made against Pepper at the judicial court.

Id.

Although the plaintiff's motion to reconsider did not mention any statutes or rules, there are two rules that allow parties to ask a court for relief from a final judgment: Federal Rules of Civil Procedure 59(e) and 60(b).

Rule 59(e) provides that a party may ask a court to alter or amend no later than twenty-eight days after the court issues that judgment. The court issued its judgment on July 30, 2018, and received the plaintiff's motion on August 24, 2018, so her motion is timely. But Rule 59(e) "allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). The plaintiff's motion does not present any newly discovered evidence, so to prevail on her motion, the plaintiff must demonstrate that this court made a manifest error of law in dismissing her case. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sendrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff's motion disputes only the court's conclusion that she did not provide sufficient facts to state a breach-of-contract claim. This was the

> weren't paid in a timely matter the end result. It seems to me that the contact was not read by Judge Pepper and that due to the lengthy time it took Judge Pepper the statute of limitations ran out, so I am asking once again that the case be looked into properly or this will go to a higher court and a complaint will be made against Pepper at the judicial court.

Id.

Although the plaintiff's motion to reconsider did not mention any statutes or rules, there are two rules that allow parties to ask a court for relief from a final judgment: Federal Rules of Civil Procedure 59(e) and 60(b).

Rule 59(e) provides that a party may ask a court to alter or amend no later than twenty-eight days after the court issues that judgment. The court issued its judgment on July 30, 2018, and received the plaintiff's motion on August 24, 2018, so her motion is timely. But Rule 59(e) "allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). The plaintiff's motion does not present any newly discovered evidence, so to prevail on her motion, the plaintiff must demonstrate that this court made a manifest error of law in dismissing her case. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sendrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff's motion disputes only the court's conclusion that she did not provide sufficient facts to state a breach-of-contract claim. This was the

court's *second* reason for dismissing the plaintiff's case. The *first* reason was because the court could not determine whether it had subject-matter jurisdiction over the case, given that the plaintiff did not allege full diversity between herself and all the defendants that she named. The plaintiff has not demonstrated that this conclusion constituted the wholesale disregard, misapplication or failure to recognize controlling precedent.

Further, the plaintiff is correct that she provided a copy of a contract along with her complaint. It is on the docket at Dkt. No. 1-1, pages 3-9. She is correct that the agreement says that the defendant will pay the plaintiff $6,000 in exchange for her release of liabilities, that the defendant will issue her a Form 1099, and that the employer will pay the money within ten business days following the expiration of the twenty-one day revocation period described in Section VII of the contract. Id. at 3-4, 7. But as the court noted in its order of dismissal, dkt. no. 4 at 7, the only party whose signature appears on that contract is *the defendant's*. The place where the *plaintiff* was supposed to sign and date the contract is blank. There is no evidence that the plaintiff ever signed this contract, or returned it to the defendant. The plaintiff's motion to reconsider does not show that the court committed a manifest error of law in dismissing her case.

It is possible that the plaintiff meant to file a motion asking the court for relief from its judgment under Fed. R. Civ. P. 60(b). That rule allows a court to relieve a party of a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

3

diligence, could not have been discovered in time for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released or vacated judgment; or (6) "any other reason that justifies relief."

The plaintiff cannot prevail under Rule 60(b), either. Her motion does not allege mistake (on her part), inadvertence, surprise or excusable neglect. She does not provide any newly discovered evidence that she couldn't have presented earlier. She does not allege that the other side committed fraud or misconduct in obtaining the judgment—she can't make that allegation, because the court dismissed the case before the other side even knew it had been sued. The judgment is not void or satisfied, and there is no other reason the court can think of that justifies relief.

The plaintiff also alleges that the court's (admitted) delay in screening her case may have caused the statute of limitations to expire. The court cannot give the plaintiff legal advice, but it notes that the plaintiff claims that she should have received the money on December 6, 2017. Dkt. No. 1 at 2. Wis. Stat. §893.43(1) says that a party must file a contract claim within six (6) years after "the cause of action accrues or be barred."

Because the plaintiff has not demonstrated that the court made a manifest error of law requiring alteration of the judgment under Rule 59(e), and because she has not demonstrated that she is entitled to relief from the

4

judgment under Rule 60(b), the court **ORDERS** that the plaintiff's motion to reconsider is **DENIED**. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 29th day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**